**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail:  kevin@kjclawgroup.com

*Attorneys for Plaintiff and the Proposed Classes*

*(Defendant's counsel listed on following page)*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FREUND, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>EFPTR, LLC, an unknown entity; and DOES 1 to 10, inclusive,<br><br>     Defendants. | CASE NO. 3:25-cv-05432-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Initial Case Management Conference</u><br><br>Date:      October 10, 2025<br>Time:     10:30 a.m.<br>Place:    Zoom Webinar<br>Judge:   Hon. Maxine M. Chesney |

JOINT CASE MANAGEMENT STATEMENT

Barbara L. Croutch (California Bar No. 151428)
*barbara.croutch@gmlaw.com*
**GREENSPOONMARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (323) 880-4520
Facsimile: (954) 771-9264

Jeffrey Gilbert (*Pro Hac Vice* to be Filed)
Florida Bar No. 375411
*jeffrey.gilbert@gmlaw.com*
**GREENSPOONMARDER LLP**
600 Brickell Avenue, 36th Floor
Miami, FL 33131
Telephone: (305) 789-2761

*Attorneys for Defendant EFPTR LLC*

Plaintiff Robert Freund ("Plaintiff") and Defendant EFPTR, LLC ("Defendant"; together with Plaintiff, the "Parties") respectfully submit this Joint Case Management Statement pursuant to the Court's September 16, 2025 Case Management Order (ECF No. 20), the *Standing Order for All Judges of the Northern District of California*, and Civil Local Rule 16-9.

### 1. Jurisdiction and Service:

This Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"). There are no issues regarding personal jurisdiction or venue. All parties have appeared in this action.

### 2. Facts:

**Plaintiff's Statement:**

This is a putative class action arising from Defendant's making unsolicited prerecorded telemarketing calls to people throughout the country, including Plaintiff. Defendant—which does business as "Eastern Financial Partners," and offers "debt restructuring" services—has no prior relationship with Plaintiff. Nonetheless, beginning on June 5, 2025, Defendant made pre-recorded telemarketing calls to Plaintiff, including by leaving pre-recorded voicemails. All of the calls followed the same pre-recorded telemarketing script. The calls were clearly pre-recorded because (a) the voice sounded like a robot, (b) there was a delay prior to the message being played, and (c) the recording allowed the call recipient to press a button. The calls also identified "Eastern Financial" by name. Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue. And Defendant made those telemarketing calls to Plaintiff for the purpose of encouraging him to purchase Defendant's debt management services.

The Complaint is a single-count action for violations of the TCPA. Plaintiff seeks the certification of a class of similarly placed individuals that received pre-recorded

voicemails from Defendant. Plaintiff further seeks statutory damages for each of the violative calls.

**Defendant's Statement:**

Defendant asserts that it has not violated the TCPA because to the extent that the telephone calls occurred, such telephone calls were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship. Further, Defendant asserts the safe harbor provisions of the TCPA.

Defendant denies all Plaintiff's allegations. Defendant also will oppose any motion for class certification.

### 3. Legal Issues:

The key legal issues anticipated by the Plaintiff are as follows: (1) whether Defendant or its agent made pre-recorded telemarketing calls to Plaintiff and members of the putative classes; (2) whether the purpose of Defendant's calls was to market its goods and services; (3) whether Plaintiff and members of the Class are entitled to statutory damages for each of the violative calls; (4) whether Plaintiff and members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and (5) whether Plaintiff can meet the burden under Rule 23(a) of the Federal Rules of Civil Procedure of establishing numerosity, commonality, typicality and adequacy with respect to the proposed classes, as well as at least one ground for certifying a class pursuant to Rule 23(b).

The key legal issues anticipated by the Defendant are as follows: (1) whether Plaintiff consented to, invited, or permitted alleged calls from Defendant; (2) whether there was a personal or an established business relationship between Plaintiff and Defendant; (3) whether the safe harbor defenses of the TCPA bar Plaintiff's claims; and (4) whether Plaintiff can establish any individual or class claims.

### 4. Motions:

There are no pending motions. Plaintiff anticipates moving for class certification and summary judgment at the appropriate time.

**5.  Amendment of Pleadings:**

Plaintiff does not anticipate amending his Complaint.

**6.  Evidence Preservation:**

The Parties certify that they have reviewed the ESI Guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues and reasonably evident in this action.

**7.  Disclosures:**

The Parties have agreed to make their initial disclosures on or before October 3, 2025.

**8.  Discovery:**

No discovery has occurred to date.  For their Discovery Plan, and pursuant to Federal Rule 26(f), the Parties propose as follows:

- <u>Fed. R. Civ. P. 26(f)(3)(A)</u>: Initial disclosures shall be made on or before October 3, 2025.
- <u>Fed. R. Civ. P. 26(f)(3)(B)</u>: The Parties propose the schedule set forth in Section 15 below.
- <u>Fed. R. Civ. P. 26(f)(3)(C)</u>: There are no issues regarding discovery or the preservation of ESI at this time.
- <u>Fed. R. Civ. P. 26(f)(3)(D)</u>: Plaintiff does not, at this time, anticipate submitting a Protective Order. Defendant most probably will request the entry of a Protective Order.
- <u>Fed. R. Civ. P. 26(f)(3)(E)</u>: Plaintiff does not believe, at this time, that any changes or limitations should be made on discovery imposed under the Federal Rules or Local Rules. Defendant states affirmatively that the class claim discovery should be bifurcated from individual discovery of Plaintiff, and therefore should not commence or proceed until such individual discovery is completed.  Plaintiff opposes bifurcation.
- <u>Fed. R. Civ. P. 26(f)(3)(F)</u>: The Parties do not request that this Court issue any other

4
JOINT CASE MANAGEMENT STATEMENT

Rule 26 or Rule 16 orders at this time.

**Plaintiff's Position:** Plaintiff anticipates serving written discovery relating to the unsolicited pre-recorded telemarketing calls made by or on behalf of Defendant, including information relating to how and to whom those calls were made, and Defendant's defenses. This written discovery will seek information maintained by Defendant or by any agent of Defendant. Plaintiff will also seek class call records from Defendant and any other third parties involved. Plaintiff then intends to depose Defendant's person most knowledgeable (which Plaintiff believes to be Adam Cuddyer, Frank Venezio, or Michael Froio) relating to its telemarketing practices, its relationship with any third parties involved in making the violative calls, and its defenses. Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff's and the putative classes' claims.

**Defendant's Position:** Defendant believes individual discovery will lead to a meritorious motion to dismiss based on Plaintiff's inability to represent the purported class. Discovery should be bifurcated to allow the parties to conduct individual discovery before conducting class discovery.

**9.     Class Actions:**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlement.

Pursuant to Civil Local Rule 16-9(b), the parties submit the following information:

**Plaintiff's Position**: This action is being pursued as a class action pursuant to Fed. R. Civ. P. 23(b)(3). This action is being brought on behalf of two putative classes. On information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable. Plaintiff is a member of the Classes. There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes. This class action is also appropriate for certification because Defendant has acted in a manner generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis.

**Defendant's Position**: Defendant will oppose any motion for class certification. Addressing Plaintiff's Position, Defendant may have defenses unique to the Plaintiff and Defendant has not acted in a manner generally applicable to the proposed Classes as a whole.

**The Parties' Position**: The proposed deadline to file a class certification motion is September 30, 2026.

10. **Related Cases:**

Plaintiff and Defendant are unaware of any related cases or proceedings.

11. **Relief:**

Plaintiff's calculation of damages will depend on information received in discovery, including the number of pre-recorded telemarketing calls sent to Plaintiff and Class members in violation of the TCPA. Plaintiff seeks the maximum statutory damages under the TCPA for himself and the classes. Specifically, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c). For all knowing and/or willful violations of the TCPA,

Plaintiff and the Class members are entitled to treble damages of up to $1,500 for each and every violation.

Defendant's position is that Plaintiff and the purported class suffered no damages and have failed to mitigate any alleged damages.

**12.   Settlement and ADR:**

The Parties are unsure at this time whether settlement is likely but agree to work together in good faith to achieve settlement, if possible. The Parties agree to private mediation at the appropriate time. Plaintiff requires call logs and information relating to Defendant's defenses to be adequately in a position to negotiate a class wide resolution. Defendant's position is that if discovery on call logs and information related to its defenses are required by Plaintiff to be produced by Defendant prior to a negotiation of an individual or class wide resolution, that discovery should be bifurcated to allow the parties to conduct individual discovery before conducting class discovery.

**13.   Other References:**

The case is not suitable for other references.

**14.   Narrowing of Issues:**

The Parties agree to work together in an attempt to narrow by agreement the presentation of evidence at trial.

**15.   Scheduling:**

- <u>Proposed class certification expert disclosure deadline:</u> July 24, 2026.
- <u>Proposed class certification rebuttal disclosure deadline:</u> August 14, 2026.
- <u>Proposed class certification expert discovery cutoff:</u> September 2, 2026.
- <u>Proposed class certification motion deadline:</u> September 30, 2026.
- <u>Proposed deadline to complete mediation:</u> 90 days after the Court's ruling on class certification.
- <u>Proposed deadline for designation of experts, except those related to class certification:</u> 100 days after the Court's ruling on class certification.
- Proposed deadline for designation of rebuttal experts, except those related to class

- certification: 130 days after the Court's ruling on class certification.
- <u>Proposed cutoff for all discovery:</u> 190 days after the Court's ruling on class certification.
- <u>Proposed deadline for Plaintiff's motion for summary judgement:</u> 250 days after the Court's ruling on class certification.
- <u>Proposed deadline for Defendant's cross motion for summary judgement, Defendant's opposition to Plaintiff's motion for summary judgment, and Defendant's *Daubert* Motions:</u> 280 days after the Court's ruling on class certification.
- <u>Proposed deadline for Plaintiff's combined opposition and reply for summary judgement, Plaintiff's *Daubert* Motions, and Plaintiff's opposition to Defendant's *Daubert* Motions:</u> 310 days after the Court's ruling on class certification.
- <u>Proposed deadline for Defendant's reply in support of Defendant's cross motion for summary judgment, Defendant's reply in support of Defendant's *Daubert* Motions, and opposition to Plaintiff's *Daubert* Motions:</u> 340 days after the Court's ruling on class certification.
- <u>Proposed deadline for Plaintiff's reply in support of Plaintiff's *Daubert* Motions:</u> 370 days after the Court's ruling on class certification.
- <u>Proposed pretrial conference:</u> to be determined after the Court's ruling on class certification.
- <u>Proposed trial date:</u> to be determined after the Court's ruling on class certification.

**16.   Trial:**

The case will be tried by a jury. The length of trial will greatly depend on whether class certification is granted, but the Parties anticipate at this time that trial will take five days if a class is certified.

**17.   Disclosure of Non-Party Interested Entities or Persons:**

The Parties identify the following interested entities or persons: (1) Plaintiff, (2) members of the putative classes, (3) Defendant and any entities or interested persons, and (4) counsel for both Parties.

**18.   Professional Conduct:**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Other Matters:**

The Parties have agreed to service of all documents filed on the CM/ECF through the CM/ECF and service of all other documents by email to the following email addresses:

**For Plaintiff:** kevin@kjclawgroup.com.

For Defendant: barbara.croutch@gmlaw.com; jeffrey.gilbert@gmlaw.com.

DATED:  October 3, 2025                             Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By:    /s/ Kevin J. Cole
       Kevin J. Cole

*Attorneys for Plaintiff and the Proposed Class*

DATED:  October 3, 2025                             Respectfully submitted,

**GREENSPOONMARDER LLP**

By:    /s/ Barbara L. Croutch
       Barbara L. Croutch

*Attorneys for Defendant*

9
JOINT CASE MANAGEMENT STATEMENT